

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-83,981-01 and WR-83,981-02

### EX PARTE ANNA MERCEDEZ GUTIERREZ, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 08-01-00886-CR(1) AND 08-01-00889-CR(1)
### IN THE 410TH DISTRICT COURT FROM MONTGOMERY COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery in cause number 08-01-00886-CR and aggravated robbery and aggravated assault on a public servant in cause number 08-01-00889-CR. She was sentenced to concurrent terms of imprisonment.

Applicant contends, *inter alia*, that she was denied her right to direct appeals. The State agrees, and the trial court recommends granting relief. According to the consolidated appellate decision, the appeals were dismissed because "The trial court entered certifications of the

defendant's right to appeal in which the court certified that these are plea-bargained cases and the defendant has no right of appeal." *Gutierrez v. State*, Nos. 09-08-00448-CR and 09-08-00449-CR (Tex. App.—Beaumont Nov. 19, 2008) (not designated for publication). The trial court finds that Applicant should receive late appeals because "The certifications of the right to appeal signed by the Court on May 16, 2008, incorrectly stated that these were 'plea-bargain case[s], and the defendant has no right to appeal.'"

Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in Cause Nos. 08-01-00886-CR and 08-01-00889-CR from the 410th District Court of Montgomery County. Applicant is ordered returned to that time at which she may give written notices of appeal so that she may then, with the aid of counsel, obtain meaningful appeals.

Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, she must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 14, 2016

Do not publish